(No. 84026.—

*In re* PHYLLIS P. *et al.* (The People of the State of Illinois, Appellee, v. Phyllis P. *et al.*, Appellants).

*Opinion filed May 21, 1998.*

William E. Coffin, of the Illinois Guardianship and Advocacy Commission, of Chicago, for appellants.

David R. Akemann, State's Attorney, of St. Charles, and Norbert J. Goetten, Martin P. Moltz and Diane L. Campbell, of the Office of the State's Attorneys Appellate Prosecutor, of Elgin, for the People.

JUSTICE HEIPLE delivered the opinion of the court:

At issue is whether a respondent may dismiss his appeal from an order requiring him to submit to involuntary mental health treatment without first filing an affidavit from a medical doctor attesting to his competency. Respondents Phyllis P., Phuong T., and Ande F. moved to dismiss their appeals after their Illinois Guardianship and Advocacy Commission (GAC) attorneys explained the appellate process to them, the likelihood of succeeding on their appeals, and the consequences of dismissing their appeals. The appellate court denied the motions without prejudice, provided that, upon refiling, the respondents attach a medical doctor's affidavit attesting that the respondents were competent to dismiss their appeals. The appellate court further instructed the GAC to file these affidavits in all future cases. Nos. 2—97—0503, 2—97—0171, 2—97—0113 cons. The appellate court granted a motion for a certificate of importance on the question of medical doctor affidavits, and this court allowed the appeal. 155 Ill. 2d R. 316.

Initially, we note that all adults are presumed legally competent to direct their legal affairs. *People ex rel. Drury v. Catholic Home Bureau*, 34 Ill. 2d 84, 95

(1966). This presumption extends to the right afforded all appellants to dismiss their appeals. *Vincent v. McElvain*, 304 Ill. 160, 163 (1922). Although all three of the instant respondents were adjudicated mentally ill pursuant to either section 1—119 or section 2—107.1 of the Mental Health and Developmental Disabilities Code, they nevertheless enjoy a presumption of competency to direct their legal affairs. As the Mental Health Code explicitly provides, "[n]o recipient of services shall be presumed legally disabled \*\*\*." 405 ILCS 5/2—101 (West 1996). Underlying this presumption is the distinction between mental illness and the specific decisional capacity to exercise or waive legal rights. Indeed, the presumption of legal competency notwithstanding mental illness attaches even in the criminal context. See *People v. Eddmonds*, 143 Ill. 2d 501, 519 (1991) (mental illness does not, *ipso facto*, raise a *bona fide* doubt as to defendant's fitness to stand trial). Requiring the instant respondents to file a medical doctor's affidavit before they may dismiss their appeals is contrary to the competency presumption to which they are entitled.

Furthermore, the affidavit requirement imposed by the appellate court is inconsistent with provisions of the Mental Health Code. For example, respondents to involuntary commitment actions are entitled to have a jury determine whether they are mentally ill (405 ILCS 5/3—802 (West 1996)), but may waive this right without first establishing their competence to do so. As this court has previously held, where a trial court has implicitly found that a respondent had the capacity to waive the right to a jury trial, as with the instant respondents, there is a strong indication that the respondent is competent to waive the right to appeal. *People v. Owens*, 139 Ill. 2d 351 (1990).

Finally, we note that the doctor affidavit requirement is inconsistent with the common law rule that the

opinion of a medical doctor is entitled to no greater weight than that of a lay person, especially that of a respondent's lawyer, in determining whether respondent is competent to make legal decisions. *Tyler v. Tyler*, 401 Ill. 435, 441 (1948). Here the GAC attorneys worked directly with the respondents and were in a unique position to apprise the court of any concerns regarding respondents' capacity to knowingly, voluntarily and intelligently decide to dismiss their appeals. That the GAC lawyers did not do so supports the presumption that respondents were competent to so.

In conclusion, an adjudication of mental illness is not an adjudication of incompetence to direct one's legal affairs. The appellate court's medical doctor affidavit requirement is inconsistent with the common law presumption of legal competency, the Mental Health Code as a whole, and the common law rule that a lay person's opinion as to a respondent's capacity to make legal decisions is entitled to as much weight as that of a medical practitioner. Accordingly, we reverse the appellate court's orders in this case and remand to that court for proceedings in accordance with our opinion herein.

*Reversed and remanded.*