In the Matter of Jones, Emmett, et al.-rec'd. 01/18/01

(text box: 1) NO. 5-99-0760

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

________________________________________________________________________

In re
 EMMETT JONES, Alleged to be a Person )  Appeal from the

Subject to the Involuntary Administration of )  Circuit Court of

Psychotropic Medication )  Madison County.

)

(The People of the State of Illinois, Petitioner- )  No. 98-MH-248

Appellee v. Emmett Jones, Respondent- )  Honorable Lewis E. Mallott,

Appellant). )  Judge, presiding.

------------------------------------------------------------------------------------------------------------

In re
 KIMBRA WHEELER, Alleged to be a Person )  Appeal from the

Subject to Involuntary Admission )  Circuit Court of

)  Madison County.

(The People of the State of Illinois, Petitioner- )

Appellee v. Kimbra Wheeler, Respondent-Appellant). )  No. 00-MH-120

)  Honorable Daniel J. Stack,

)  Judge, presiding.

________________________________________________________________________

JUSTICE KUEHN delivered the opinion of the court:

Emmett Jones appeals from an order of the circuit court of Madison County authorizing the administration of psychotropic medication to him.  Kimbra Wheeler appeals from an order of the circuit court of Madison County subjecting her to involuntary admission.  These appeals have been consolidated for review.  We reverse.

On October 26, 1999, Jagannah Patil, M.D., Jones's treating psychiatrist, filed a petition naming Jones for the involuntary administration of psychotropic medication pursuant to section 2-107.1 of the Mental Health and Developmental Disabilities Code (the Code) (405 ILCS 5/2-107.1 (West 1998)).  On November 4, 1999, the case was called for a hearing on the petition.  At this hearing, a guardian 
ad litem
 was appointed to "represent the interest of the Respondent."  The record demonstrates that the guardian 
ad litem
 appointed is a licensed attorney.  At the close of Jones's hearing, the trial court entered an order finding that Jones was a person subject to the involuntary administration of psychotropic medication, and the court authorized the Department of Human Services to administer the medications specified in the order. 

On April 18, 2000, James Bigby, a mental-health-case manager, filed a petition naming Wheeler for involuntary admission.  On April 20, 2000, the case was called for a hearing on the petition.  Prior to the presentation of evidence, Wheeler's court-appointed guardian 
ad litem
, a licensed attorney, advised the court that Wheeler wished to proceed 
pro se
.  The trial court made no inquiry of Wheeler and advised the guardian 
ad litem
 "to at least assist her."  The guardian 
ad litem
 was appointed to "represent the interest of the Respondent."  At the close of Wheeler's hearing, the trial court found Wheeler to be a person subject to involuntary admission, and the court ordered her hospitalized in the Department of Human Services. 

On appeal, Jones and Wheeler urge us to reverse the orders of the trial court because there was a failure to strictly comply with the Code.  Specifically, Jones and Wheeler contend that the trial court wrongfully appointed a guardian 
ad litem
 to represent their interests rather than an attorney to advocate on their behalf.  In addition, Jones alleges that he was not given timely notice of the November 4, 1999, hearing and that the State failed to prove by clear and convincing evidence that he lacked the capacity to make a reasoned decision about psychotropic medication.  In her appeal, Wheeler additionally argues that the trial court's order must be reversed because no psychiatrist, clinical social worker, or clinical psychologist who had examined her testified at the hearing.  These contentions present disputed questions of law that we review 
de novo
.  See 
Statler v. Catalano
, 293 Ill. App. 3d 483, 485-86, 691 N.E.2d 384, 386 (1997).

We begin by noting that these cases are moot.  The underlying judgments, entered by the circuit court in 1999 and 2000, were limited in duration to a period of 90 days and 180 days, respectively.  Those periods have passed.  However, these cases fall within the exception to the mootness doctrine because the periods for involuntary commitment and involuntary administration of medication are too short to permit review, and the same actions will likely be taken against each respondent in the future.  See 
In re Barbara H.
, 183 Ill. 2d 482, 491-92, 702 N.E.2d 555, 559-60 (1998).  We therefore address these appeals on the merits.

Persons who suffer from mental illness have constitutionally protected liberty interests that permit them to refuse involuntary commitment and the administration of psychotropic medications.  
In re Williams
, 305 Ill. App. 3d 506, 509, 712  N.E.2d 350, 352 (1999).  Any legislation that infringes upon these liberty interests must bear an important and substantial relationship to the State's interest in providing for mentally ill people who present a danger to themselves or others or who lack the capacity to make informed decisions concerning psychotropic medications.  
Williams
, 305 Ill. App. 3d at 509, 712 N.E.2d at 352.  Because involuntary commitment and the involuntary administration of medications affect important liberty interests, strict compliance with the Code's procedural safeguards is required to insure that the mental health system does not become a tool to oppress rather than to serve society.  
Williams
, 305 Ill. App. 3d at 509, 712 N.E.2d at 352.

These cases have been consolidated because they share one dispositive issue on review.  Jones and Wheeler both contend that the trial court's orders must be reversed because, contrary to the Code, the trial court failed to appoint counsel to advocate on their behalf.  We agree.  

The conduct of both hearings was governed by article VIII of chapter 3 of the Code (405 ILCS 5/3-800 
et seq.
 (West 1998)), which includes section 3-805 (405 ILCS 5/3-805 (West 1998)).  Section 3-805 provides: 

"Every respondent alleged to be subject to involuntary admission shall be represented by counsel.  If the respondent is indigent or an appearance has not been entered on his behalf at the time the matter is set for hearing, the court shall appoint counsel for him.  A hearing shall not proceed when a respondent is not represented by counsel unless, after conferring with counsel, the respondent requests to represent himself and the court is satisfied that the respondent has the capacity to make an informed waiver of his right to counsel.  ***

1.  If the court determines that the respondent is unable to obtain counsel, the court shall appoint as counsel an attorney employed by or under contract with the Guardianship and Mental Health Advocacy Commission, if available.

2.  If an attorney from the Guardianship and Mental Health Advocacy Commission is not available, the court shall appoint as counsel the public defender or, only if no public defender is available, an attorney licensed to practice law in this State."  405 ILCS 5/3-805 (West 1998).

Although the statute refers to involuntary admissions, it is equally applicable to proceedings with respect to the involuntary administration of psychotropic medication.  405 ILCS 5/2-107.1 (West 1998).  Accordingly, the right to counsel, as defined by section 3-805, attached not only to the petition to have Wheeler involuntarily committed but also to the petition to administer psychotropic medication to Jones against his will.  See 
Barbara H.
, 183 Ill. 2d at 494, 702 N.E.2d at 560.

The record before us demonstrates that no legal representative was appointed to advocate on behalf of Jones or Wheeler in accordance with section 3-805.  Instead, the trial court appointed guardians 
ad litem
 to represent the interests of the respondents.  This was improper.  Section 3-805 confers on persons in the position of Jones and Wheeler the right to counsel.  This statutory right to counsel may be waived only after conferring with counsel.  405 ILCS 5/3-805 (West 1998).   

Moreover, it is improper to expect a guardian 
ad litem
 to act as both a guardian 
ad litem
 and an attorney.  A guardian 
ad litem
 and an attorney serve two distinct functions.  A guardian 
ad litem
 is responsible for representing the respondent's best interests as opposed to serving as an advocate for the respondent's possibly ill-advised desires.  
In re Estate of Ohlman
, 259 Ill. App. 3d 120, 126-27, 630 N.E.2d 1133, 1139 (1994).  While a guardian 
ad litem
 may properly determine that psychotropic medication is in the respondent's best interest, an attorney is necessary to advocate on the respondent's behalf.  The roles necessarily conflict with one another.  See 
Ohlman
, 259 Ill. App. 3d at 126-27, 630 N.E.2d at 1138-39.  Here, Jones and Wheeler needed the legal representation of an attorney, free from the conflicting duties of a guardian 
ad litem
. 

The Code mandates that persons subject to proceedings under the Code be represented by an attorney.  
In re Click
, 196 Ill. App. 3d 413, 419, 554 N.E.2d 494, 497 (1990).  Involuntary mental health services entail a "massive curtailment of liberty," and the right to counsel is a central feature of the procedures enacted to ensure that citizens are not subjected to such services improperly.  
Barbara H.
, 183 Ill. 2d at 496, 702 N.E.2d at 561-62.  The trial court's appointment of a guardian 
ad litem
 with or without a law license fails to strictly comply with this requirement.  Accordingly, we reverse.  Given our disposition of this issue, we need not address the remaining issues raised by the respondents.

These proceedings are concluded.  If the State believes that Jones should continue to be given psychotropic medication against his will or that Wheeler remains in need of involuntary commitment, it must initiate new proceedings in the circuit court.  See 
Barbara H.
, 183 Ill. 2d at 498, 702 N.E.2d at 562.    

For the foregoing reasons, the orders of the circuit court of Madison County are reversed.  

No. 98-MH-248, reversed.

No. 00-MH-120, reversed.

MAAG and WELCH, JJ., concur.

                                      NO. 5-99-0760

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________________

In re
 EMMETT JONES, Alleged to be a Person )  Appeal from the

Subject to the Involuntary Administration of )  Circuit Court of

Psychotropic Medication )  Madison County.

)

(The People of the State of Illinois, Petitioner- )  No. 98-MH-248

Appellee v. Emmett Jones, Respondent- )  Honorable Lewis E. Mallott,

Appellant). )  Judge, presiding.

------------------------------------------------------------------------------------------------------------

In re
 KIMBRA WHEELER, Alleged to be a Person )  Appeal from the

Subject to Involuntary Admission )  Circuit Court of

)  Madison County.

(The People of the State of Illinois, Petitioner- )

Appellee v. Kimbra Wheeler, Respondent-Appellant). )  No. 00-MH-120

)  Honorable Daniel J. Stack,

)  Judge, presiding.

___________________________________________________________________________________

Opinion Filed
: February 2, 2001

___________________________________________________________________________________

Justices
: Honorable Clyde L. Kuehn, J.

Honorable Gordon E. Maag, J., and

Honorable Thomas M. Welch, J.,

Concur

___________________________________________________________________________________

Attorneys
 Anthony E. Rothert, Staff Attorney, Jeff M. Plesko, Director, Legal Advocacy

for
 Service, Guardianship and Advocacy Commission, Metro East Regional Office,

Appellants
 4500 College Avenue, Suite 100, Alton, IL 62002 

___________________________________________________________________________________

Attorneys
 Honorable William Haine, State's Attorney, Administration Building, 157 North

for
 Main Street, Edwardsville, IL 62025; Norbert J. Goetten, Director, Stephen E.

Appellee 
Norris, Deputy Director, James R. Benson, Contract Attorney, State's Attorneys Appellate Prosecutor, Route 15 East, P.O. Box 2249, Mt. Vernon, IL 62864 (in the case of 
People v. Jones
)

Honorable William Haine, State's Attorney, Madison County, 157 North Main, Edwardsville, IL 62025; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, T. David Purcell, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Route 15 East, P.O. Box 2249, Mt. Vernon, IL 62864 (in the case of 
People v. Wheeler
)

___________________________________________________________________________________

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 02/02/01.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.