*In re* B.K., a Person Found Subject to Administration of Authorized Involuntary Treatment (The People of the State of Illinois, Petitioner-Appellee, v. B.K., Respondent-Appellant).

Fourth District   No. 4—05—0210

Opinion filed December 1, 2005.

Jeff M. Plesko and Penelope S. Smith, both of Guardianship & Advocacy Commission, of Anna, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten,

Robert J. Biderman, and Charles F. Mansfield, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

On February 25, 2005, the trial court ordered respondent, B.K., subject to involuntary admission to a mental health facility and involuntary treatment in the form of psychotropic medication. Respondent appeals, arguing the court's authorized-involuntary-treatment order must be reversed because (1) neither respondent nor her attorney received a copy of the petition or notice of hearing three days prior to the hearing as required by section 2—107.1(a—5)(1) of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/2—107.1(a—5)(1) (West 2004)), (2) hearings on the petitions for involuntary admission and authorized involuntary treatment were not held separately as required by section 2—107.1(a—5)(2) of the Mental Health Code (405 ILCS 5/2—107.1(a—5)(2) (West 2004)), and (3) the court's decision to order authorized involuntary treatment was against the manifest weight of the evidence. We reverse.

On February 22, 2005, Jacquiline Mathias, an on-call crisis counselor, filed a petition for involuntary admission of respondent to a mental health facility pursuant to section 3—600 of the Mental Health Code (405 ILCS 5/3—600 (West 2004)). The petition alleged respondent was mentally ill and unable to provide for her own basic physical needs so as to guard herself from serious harm. Specifically, it was alleged respondent had a history of bipolar episodes with the last one occurring approximately seven years earlier. Prior to the filing of the petition, respondent's mother noticed disorganized thinking and behavior in respondent. Additionally, it was alleged respondent walked naked to her mother's house after giving her clothing and purse to a stranger.

Two certificates were filed with the petition. They were executed by a physician and psychiatrist, both of whom examined respondent. Each certificate alleged respondent was mentally ill and unable to provide for her basic physical needs. Both also noted that respondent was pregnant.

On February 25, 2002, a hearing on the petition was conducted. At the hearing, the State presented the testimony of petitioner Mathias and Dr. Carmen Chase, the psychiatrist who executed one of the certificates and examined respondent. Each gave testimony concerning her own personal contact with respondent and the behavior she exhibited during that contact. Additionally, Dr. Chase testified she diagnosed respondent as having bipolar affective disorder and found

her to be in a manic state. Further, she recommended that respondent be treated with psychotropic medication and described the benefits and potential risks of each drug to respondent and her unborn child. Respondent testified on her own behalf.

The trial court determined respondent suffered from bipolar disorder and ordered her subject to involuntary admission in a mental health facility. After the hearing, the court noted that a petition for authorized involuntary treatment had been tendered to it that day. The petition requested the court enter an order authorizing the involuntary administration of psychotropic medication pursuant to section 2—107.1(a—5) of the Mental Health Code (405 ILCS 5/2—107.1(a—5) (West 2004)). The court considered the petition filed *instanter*. Without objection, a hearing then proceeded on that petition.

Instead of presenting additional evidence at the hearing, the parties stipulated to the evidence presented at the earlier involuntary-admission hearing. After listening to the parties' arguments, the trial court concluded the State met its burden on the petition and authorized involuntary treatment to be administered to respondent in the form of psychotropic medication. Specifically, lithium was ordered as the first choice of medication to be administered to respondent with alternative medications being Zyprexa, Haldol, and lamotragine.

This appeal followed.

■ Initially, we note that this case is moot because both of the trial court's orders were effective for only 90 days and that time period has expired. However, we will address respondent's arguments because this case involves an event of short duration that is capable of repetition yet evades review. *In re Barbara H.*, 183 Ill. 2d 482, 491, 702 N.E.2d 555, 559 (1998).

On appeal, respondent first contends the trial court's authorized-involuntary-treatment order should be reversed because neither she nor her attorney received a copy of the petition or notice of a hearing on the petition at least three days prior to the hearing as required by section 2—107.1(a—5)(1) of the Mental Health Code (405 ILCS 5/2—107.1(a—5)(1) (West 2004)). Conversely, the State contends respondent received timely notice, her claim of error has been forfeited, and she failed to show prejudice.

■ Section 2—107.1(a—5) of the Mental Health Code provides for the authorized involuntary treatment of a recipient of mental health services in certain instances. 405 ILCS 5/2—107.1(a—5) (West 2004). Section 2—107.1(a—5)(1) requires an individual who files a petition requesting authorized involuntary treatment to deliver a copy of the petition and a notice of hearing to the respondent and his or her at-

torney "no later than [three] days prior to the date of the hearing." 405 ILCS 5/2—107.1(a—5)(1) (West 2004). However, "[i]f a hearing is requested to be held immediately following the hearing on a petition for involuntary admission, then the notice requirement shall be the same as that for the hearing on the petition for involuntary admission, and the [authorized-involuntary-treatment] petition *** shall be filed with the petition for involuntary admission." 405 ILCS 5/2— 107.1(a—5)(1) (West 2004).

■ Fundamental liberty interests are implicated by the involuntary administration of mental health services and, therefore, statutes governing such proceedings should be narrowly construed. *Barbara H.*, 183 Ill. 2d at 498, 702 N.E.2d at 562. In this same context, this court has stated as follows:

> " 'The procedural safeguards enacted by the legislature are not mere technicalities. Rather, they are intended to safeguard the important liberty interests of the respondent which are involved in mental health cases. ***
>
> ***
>
> *** The total disregard for the legislatively established procedures is contrary to the balancing of interests established by the [Mental Health] Code and should not be condoned.' " *In re O.C.*, 338 Ill. App. 3d 292, 298, 788 N.E.2d 1163, 1168 (2003), quoting *In re Luttrell*, 261 Ill. App 3d 221, 230-31, 633 N.E.2d 74, 81-82 (1994).

Nevertheless, strict compliance with the notice requirements in authorized-involuntary-treatment proceedings has been deemed unnecessary where the respondent had actual notice of the proceedings and ample opportunity to prepare a defense. *In re Robinson*, 287 Ill. App. 3d 1088, 1091-92, 679 N.E.2d 818, 821 (1997), citing *In re C.E.*, 161 Ill. 2d 200, 225-27, 641 N.E.2d 345, 356-57 (1994).

■ In this case, neither respondent nor her attorney received a copy of the petition for authorized involuntary treatment until the day of the hearing. Further, they never received formal notice of a hearing on that petition and actual notice was not received until immediately before the hearing was to take place. Although the State contends respondent received timely notice pursuant to an alternative-notice provision in section 2—107.1(a—5)(1), for the reasons that follow, that provision does not apply.

The State points out section 2—107.1(a—5)(1) permits notice for an authorized-involuntary-treatment petition to be the same as notice for an involuntary-admission petition when a request is made for the authorized-involuntary-treatment hearing to be held immediately following the involuntary-admission hearing. The provision noted by the

State does not apply to the facts of this case because it requires an authorized-involuntary-treatment petition to "be filed with the petition for involuntary admission." 405 ILCS 5/2—107.1(a—5)(1) (West 2004). In this instance, the petitions were not filed together.

Additionally, the State has failed to indicate when it made a request to hold successive hearings and it does not appear from the record that such a request was made. In fact, the record makes no mention of a hearing on the authorized-involuntary-treatment petition until after the conclusion of the involuntary-admission hearing. The simple fact that successive hearings are held does not implicate the alternative-notice provision in section 2—107.1(a—5)(1). Moreover, compliance with that provision's other requirements is also necessary.

We conclude the three-day-notice requirement in section 2—107.1(a—5)(1) is applicable to the facts of this case. Further, that requirement was violated because respondent failed to receive both a copy of the petition and notice of the hearing no later than three days prior to the hearing. Nevertheless, the State contends respondent has forfeited any claim of error because she failed to object to the hearing on the petition for authorized involuntary treatment and her attorney stated he was ready to proceed with a hearing on that petition.

Generally, issues raised for the first time on appeal are forfeited. *People v. Enoch*, 122 Ill. 2d 176, 186, 522 N.E.2d 1124, 1130 (1988). However, a reviewing court may consider a forfeited error affecting substantial rights when (1) there was plain error and the evidence was so closely balanced that the error caused prejudice or (2) there was plain error that "was so serious that it affected the fairness of the [proceedings] and challenged the integrity of the judicial process." *People v. Herron*, 215 Ill. 2d 167, 186-87, 830 N.E.2d 467, 479-80 (2005). In the context of authorized-involuntary-treatment petitions, this court declined to apply forfeiture where the respondent had "no notice of the petition for administration of psychotropic medication until the day of the hearing and had no opportunity to prepare a defense." *Robinson*, 287 Ill. App. 3d at 1092, 679 N.E.2d at 821.

For those same reasons, forfeiture does not bar respondent's claim of error in this case. Specifically, the error was both plain and so serious that it affected the fairness of the proceedings. Section 2—107.1(a—5)(1) clearly requires that both respondent and her attorney receive a copy of the petition and notice of hearing at least three days prior to a hearing on the petition. Those requirements were ignored in this instance. Neither respondent nor her attorney had notice of the petition for authorized involuntary treatment until the day of the hearing. Thus, counsel had no opportunity to prepare a

defense when such an opportunity was imperative due to the involvement of respondent's important liberty interests and the complexity of the subject matter.

The State further argues respondent did not suffer prejudice from any alleged error. Specifically, it contends respondent had actual notice of the petition when it was filed and her counsel was well prepared because he thoroughly cross-examined Dr. Chase and delivered a detailed argument. Under the plain-error doctrine, when there is plain error that "was so serious that it affected the fairness of the [proceedings] and challenged the integrity of the judicial process," prejudice is presumed because of the importance of the right involved. *Herron*, 215 Ill. 2d at 187, 830 N.E.2d at 479-80.

Based on the facts of this case and due to the importance of the rights involved, it is presumed that respondent suffered prejudice when neither she nor her attorney received a copy of the petition or notice of a hearing as required by section 2—107.1(a—5)(1). Additionally, we note the extent of the prejudice to respondent is unknown because it cannot be determined from the record what would have happened if respondent's counsel had been given an opportunity to prepare for a hearing on the petition.

In this case the procedural requirements of section 2—107.1(a—5)(1) were ignored. Compliance was necessary to safeguard the important liberty interests involved with authorized involuntary treatment. Thus, because respondent did not receive proper notice of a hearing on the petition for authorized involuntary treatment and her counsel had no opportunity to prepare a defense, the trial court's authorized-involuntary-treatment order must be reversed.

Finally, although respondent further contends (1) separate hearings were not conducted on the petitions for involuntary admission and authorized involuntary treatment as required by section 2—107.1(a—5)(2) of the Mental Health Code (405 ILCS 5/2—107.1(a—5)(2) (West 2004)) and (2) the evidence was insufficient to support the trial court's authorized-involuntary-treatment order, those claims need not be addressed in light of our resolution of respondent's other alleged error.

For the reasons stated, we reverse the trial court's authorized-involuntary-treatment order.

Reversed.

STEIGMANN and MYERSCOUGH, JJ., concur.