No. 2-09-0472      Filed: 6-30-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| In re STEPHEN J., Alleged to be a Person in Need of Involuntary Psychotropic Medication | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | No. 09--MH--244 |
| | ) | |
| (The People of the State of Illinois, Petitioner-Appellee, v. Stephen J., Respondent-Appellant). | ) ) ) | Honorable Brian D. Shore, Judge, Presiding. |

JUSTICE JORGENSEN delivered the opinion of the court:

On April 23, 2009, after a bench trial, the trial court ordered pursuant to section 2--107.1 of the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2--107.1 (West 2008)) that respondent, Stephen J., be involuntarily subjected to the administration of psychotropic medication. On April 30, 2009, the court temporarily stayed the order; however, on May 15 and 20, 2009, the court granted (nunc pro tunc to April 23, 2009) respondent's motion to stay the order during the pendency of this appeal.[1] On appeal, respondent argues that reversal of the April 23,

[1]Interestingly, the trial court granted the stay pending appeal on the basis that a "written notice" issue would likely result in reversal on appeal. The court stated that the previously filed notice of appeal prevented it from reconsidering sua sponte its order, and it invited respondent to withdraw the notice of appeal so that it could reconsider its order. Alternatively, the court invited the State to dismiss its petition to treat respondent and to refile the cause in accordance with proper procedure. Neither party proceeded with the court's recommended course of action.

2009, order is required because: (1) there was insufficient evidence for the order; and (2) the court engaged in selective authorization of the medication.

For two reasons, the State argues that this appeal must be dismissed as moot. First, the State notes that section 2--107.1(a--5)(5) of the Code provides for psychotropic medication to be involuntarily administered for no more than 90 days ("[i]n no event shall an order issued under this Section be effective for more than 90 days") and that the court entered the order here "for a period not to exceed 90 days." 405 ILCS 5/2--107.1(a--5)(5) (West 2008). Clearly, it asserts, more than 90 days have passed since the court entered the April 23, 2009, order. Second, the State contends, the order remains moot even if, in light of the stay, the 90-day period commences only after our resolution of this appeal. Specifically, the State argues that respondent's condition after our resolution of this appeal will "probably have changed" from April 23, 2009, and, therefore, the order "may no longer be medically appropriate." The State, relying on In re Alfred H.H., 233 Ill. 2d 345 (2009), concludes that no exceptions to the mootness doctrine apply here and, therefore, that the appeal should be dismissed.

We disagree that the appeal is moot. By arguing that the appeal is moot simply because 90 days have passed, even though the court stayed the order, the State essentially suggests, without authority, that a stay is virtually meaningless. In other words, nearly every time that a section 2--107.1 order is appealed, the appeal will be moot because 90 days will pass before it is resolved, and the trial court may never preserve the appeal by staying the order. See, e.g., In re Barbara H., 183 Ill. 2d 482, 492 (1998) (noting that, in the absence of exceptions to the mootness doctrine, the right to review under the Code is rendered a nullity because the duration of involuntary treatment is "far too brief to permit appellate review" and "[i]n virtually every case" the challenged order will

expire before completion of appellate review). Although our research did not reveal a case explicitly discussing whether a stay on a section 2--107.1 order also stays its 90-day effectiveness period, it is clear that stays are routinely entered in this context. See, e.g., In re Jonathan P., 386 Ill. App. 3d 981, 984-85 (2008) (trial court temporarily stayed involuntary treatment order); In re Evelyn S., 337 Ill. App. 3d 1096, 1101 (2003) (appellate court stayed treatment order pending resolution of the appeal); In re Hatsuye T., 293 Ill. App. 3d 1046, 1049 (1997) (same). Although section 2--107.1(a--5)(5) states that an order may not be effective (i.e., medication may not be involuntarily administered) for more than 90 days, here, the stay kept the order from taking effect--no medication was administered. Thus, we conclude that the 90-day effectiveness period was tolled.

We note that Alfred H.H. does not suggest that, because 90 days have passed, the order here is moot despite the stay. In Alfred H.H., the parties agreed that the order at issue was moot because it was limited to 90 days, which had passed. Alfred H.H., 233 Ill. 2d at 350-51. Accordingly, our supreme court noted that the order's expiration meant that it could no longer serve as the basis for an adverse action against the respondent; the respondent could be involuntarily held and forced to take psychotropic medication only if a new set of petitions were filed. Alfred H.H., 233 Ill. 2d at 350-51. Therefore, the court considered only whether any exceptions to mootness applied. Alfred H.H., 233 Ill. 2d at 350-51. However, Alfred H.H. is clearly distinguishable because there was no stay entered on that order. Accordingly, unlike in Alfred H.H., it cannot be said that the order here cannot serve as the basis for an adverse action against respondent. Therefore, we conclude that, although more than 90 days have passed since the order was entered, this appeal is not moot in light of the stay pending appeal.

We also reject the State's argument that, even if the 90-day period commences after this appeal is resolved, the order is moot because it might no longer be appropriate for respondent's current condition. While it might be true that the order is no longer appropriate, appropriateness of the order for respondent's condition is an issue separate from that of mootness. Thus, we reject both of the State's arguments and conclude that the appeal is not moot.

Turning to the merits of the appeal, the State confesses error on respondent's second appellate issue.[2] The State agrees that the order must be reversed because the court erred where it authorized involuntary administration of only some of the medications that respondent's physician sought authority to administer. Specifically, the State agrees that section 2--107.1 does not permit selective authorization of psychotropic medications and that, absent a request from the treating physician, a court is limited to authorizing the treatment regime as described in the petition.

Here, the petition requested authorization to administer, both orally and intramuscularly, three medications: risperidone, haloperidol decanote, and benztropine. The order did not authorize the intramuscular administration of haloperidol or the administration of benztropine. The State disagrees that the order's omission of benztropine was error, asserting that, because benztropine is a side-effect-relieving medication and not a psychotropic medication, authorization did not need to be requested via petition. Nevertheless, it confesses that the order's failure to authorize intramuscular administration of haloperidol constitutes error.

As the court did not approve in its entirety the requested medication regimen, we agree that the order granting the petition should be reversed. See In re Mary Ann P., 202 Ill. 2d 393, 405-06

---

[2]In light of its confession of error on respondent's second argument (selective authorization of medication), the State makes no argument regarding respondent's first argument (sufficiency).

(2002) (section 2--107.1 does not permit selective authorization of psychotropic medication; where "the recommended treatment consists of multiple medications--some to be administered alternatively, some to be administered in combination, and some to be administered only as needed to counter side effects--it is only this treatment, in its entirety, that may be authorized").

For the foregoing reasons, the judgment of the circuit court of Winnebago County is reversed.

Reversed.

O'MALLEY and HUDSON, JJ., concur.