# Illinois Official Reports

## Appellate Court

<div style="border:1px solid">

### *In re Tara S.*, 2017 IL App (3d) 160357

</div>

| | |
|---|---|
| Appellate Court Caption | *In re* TARA S. (The People of the State of Illinois, Petitioner-Appellee, v. Tara S., Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-16-0357 |
| Rule 23 order filed<br>Motion to publish<br>allowed<br>Opinion filed | June 21, 2017<br><br>August 3, 2017<br>August 3, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 16-MH-128; the Hon. Suzanne L. Patton, Judge, presiding. |
| Judgment | Reversed. |
| Counsel on Appeal | Veronique Baker and Ann E. Krasuski, of Illinois Guardianship & Advocacy Commission, of Hines, for appellant.<br><br>Jerry Brady, State's Attorney, of Peoria (Patrick Delfino, Lawrence M. Bauer, and Richard T. Leonard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
            Presiding Justice Holdridge and Justice Wright concurred in the judgment.


**OPINION**

¶ 1        Respondent, Tara S., appeals from the circuit court's orders for involuntary admission and administration of psychotropic medication. Respondent argues that she was denied the effective assistance of counsel and this issue is subject to review under the capable of repetition yet avoiding review exception to the mootness doctrine. We reverse the court's orders for involuntary admission to a mental health facility and involuntary administration of psychotropic medication.

¶ 2                                        FACTS

¶ 3        On June 16, 2016, the State filed a petition for the involuntary administration of psychotropic medication to respondent. The petition was a prepared form that indicated that respondent had a mental illness and lacked the capacity to give an informed consent to psychotropic medication. The second page of the petition contained the proposed psychotropic medication treatment, length of the treatment plan, required pretreatment medical testing, and treatment alternatives. The petition was signed by psychiatrist Andrew Lancia.

¶ 4        On June 17, 2016, the court appointed counsel to represent respondent. On the same date, the State filed a petition for the involuntary admission of respondent to a mental health facility. The petition alleged that respondent had a history of psychiatric hospitalizations related to her bipolar diagnosis and noncompliance with treatment. Respondent exhibited bouts of mania and psychosis. Respondent told a hospital employee that she had been physically and sexually assaulted in the past six months. Respondent had no place to live, no income, and no insight into her illness.

¶ 5        In a contemporaneously filed inpatient certificate, Lancia attested that he had personally examined respondent. Lancia opined that respondent was a person with mental illness whom he reasonably expected to engage in harmful conduct. Respondent refused treatment and was unable to understand her need for treatment. Respondent's mental disorder presented with episodes of mania, paranoia, and respondent's belief that she had been subject to multiple incidents of sexual assault in the past six months. Lancia opined that respondent was vulnerable to such assaults because of her manic state.

¶ 6        On June 21, 2016, the court held a hearing on the State's petitions. Psychiatrist Marika Wrzosek testified that she was assigned to the case one day before the hearing. Wrzosek said that she had reviewed respondent's medical records but indicated that she had not personally examined respondent. At the time of her admission, respondent was paranoid, talked to herself, believed that her mother was following her, and exhibited disorganized speech that frequently mentioned sexual assault. While in the psychiatric unit of the hospital, respondent exhibited hypersexualized behavior and reported feeling excess stress. Respondent had been mentally ill for nearly 10 years and had two prior hospitalizations since 2013. Respondent

had no understanding of her mental illness. Respondent refused to take the prescribed medication and stated that she did not have a mental illness. Wrzosek said respondent had the working diagnosis of schizoaffective bipolar type. Wrzosek opined that respondent's provocative behavior put her at risk for a recurrence of sexual assault. Wrzosek thought that if respondent were released, she risked being victimized by others due to her disorganized thoughts and hypersexualized behavior. Wrzosek said that with treatment, respondent's disorder could be stabilized and she could be released to continue her independent living.

¶ 7    On cross-examination, Wrzosek said that her main concern for harm was respondent's penchant to engage in frequent sexual intercourse with multiple partners. Wrzosek also feared that respondent's paranoia about her family members prevented her from having the necessary support.

¶ 8    Respondent testified that she was homeless. Prior to her hospital admission, she stayed with a man named "Bill." Bill asked respondent to leave after respondent left the door open to Bill's house and his dog ran out. On June 13, 2016, respondent voluntarily sought admission to the hospital. Respondent said that she was "stressed out" and had no place to live. Respondent also explained that she needed to gather evidence in order to procure an order of protection against a woman that she thought was following her. Respondent said that she was "tired of being abused." She previously took the medications risperidone and lithium. Respondent thought that she did not need medication but acknowledged that she needed counseling.

¶ 9    The court found that respondent suffered from schizoaffective disorder, she was the victim of sexual abuse and sexual assault, her testimony exhibited disorganized thoughts and paranoia, and respondent's hypersexualized activities subjected her to potential harm. The court ordered respondent to be placed in a restrictive environment for up to 90 days for treatment. The court then proceeded to a hearing on the State's petition for involuntary treatment.

¶ 10   Wrzosek testified that respondent had previously taken psychotropic medications risperidone and lithium. Based on Wrzosek's review of respondent's medical chart, these medications had restored respondent's functioning. Wrzosek proposed a list of medications to stabilize respondent's mood and decrease her paranoia and delusions. The list included risperidone and lithium. Wrzosek opined that the benefits of the proposed treatment outweighed the potential side effects and noted that there were no less restrictive options available. Wrzosek asked the court to order the medications to be administered for a period of up to 90 days.

¶ 11   Respondent testified that she was familiar with some of the psychotropic medications proposed by Wrzosek. Respondent previously received treatment at the Human Resource Center. However, in January 2015, the psychiatrist at the center discontinued respondent's treatment. Respondent recalled that the treatment "slowed [her] down." After the psychiatrist discontinued respondent's psychotropic medication, he prescribed an antidepressant. Respondent asserted that she only needed pain medication and that she did not need inpatient treatment because she came to the hospital because she was "stressed out and *** a rape victim."

¶ 12   The court found that respondent suffered from a psychiatric condition that required treatment, the benefits of the treatment outweighed the harm, respondent lacked the capacity to make a decision about her treatment, and the proposed inpatient treatment plan was the

least restrictive service that was appropriate at the time. The court ordered the treatment to be administered for a period of up to 90 days. Respondent appeals.

ANALYSIS

Respondent argues that the case must be reversed because she received ineffective assistance of counsel. Specifically, defense counsel failed to (1) object to Wrzosek's testimony, which was not based on a personal examination, and (2) argue that the State did not comply with the written medication information requirement. The State solely argues that the issue is rendered moot by the expiration of the 90-day deadline in the order. We find that this issue is moot but is subject to review under the capable of repetition yet evading review exception. We further find that respondent received ineffective assistance of counsel.

I. Mootness

Generally, courts of review do not decide moot questions. *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009). However, the "capable of repetition yet avoiding review" exception permits review of an otherwise moot issue. *Id.* at 358. This exception has two elements: (1) the challenged action is of a duration too short to be fully litigated prior to its cessation and (2) there is a reasonable expectation that the complaining party will be subject to the same action again. *Id.* The parties agree that the present issue satisfies the first prong. However, the State argues that there is not a reasonable expectation that respondent will be subject to the same action again. To satisfy the second prong, "there must be a substantial likelihood that the issue presented in the instant case, and any resolution thereof, would have some bearing on a similar issue presented in a subsequent case." *Id.* at 360.

Respondent's ineffective assistance of counsel issue satisfies the second prong. The record establishes that respondent is a person with a 10-year history of mental illness. This history included two prior hospitalizations. No evidence was presented that the proposed treatment plan would alleviate respondent's mental illness entirely. Rather, the evidence showed that her cognitive function would be stabilized once the treatment was in full effect. However, respondent had received and discontinued treatment in the past. Therefore, it is very likely that respondent will face future involuntary hospital admissions or involuntary administration of psychotropic medication proceedings. As respondent is statutorily entitled to counsel during these proceedings (405 ILCS 5/3-805 (West 2016)), ineffective assistance of counsel issues are likely to recur. Absent ineffective assistance of counsel review, the statutory guarantee of counsel is rendered a " 'hollow gesture serving only superficially to satisfy due process requirements.' " *In re Carmody*, 274 Ill. App. 3d 46, 55 (1995) (quoting *In re Commitment of Hutchinson*, 421 A.2d 261, 264 (Pa. Super. Ct. 1980)). Counsel's actions protect respondent's constitutionally protected liberty interest to refuse the administration of psychotropic drugs. U.S. Const., amend. XIV; see also *In re C.E.*, 161 Ill. 2d 200, 214 (1994) (holding that "mentally ill or developmentally disabled [persons] have a Federal constitutionally protected liberty interest to refuse the administration of psychotropic drugs"); *In re Benny M.*, 2015 IL App (2d) 141075, ¶ 24 (noting "like defense counsel in a criminal proceeding, the respondent's counsel in a mental health proceeding plays an essential role in ensuring a fair trial"). Accordingly, we find that the ineffective assistance of counsel issue presented in this case is reviewable under the capable of repetition yet avoiding

review exception to mootness.

## II. Ineffective Assistance of Counsel

A respondent that is subject to an involuntary hospital admission or involuntary administration of psychotropic medication has a statutory right to counsel. 405 ILCS 5/3-805 (West 2016); *In re Barbara H.*, 183 Ill. 2d 482, 493-94 (1998). The *Strickland* standard applies where a respondent argues that she received ineffective assistance of counsel. *In re Daryll C.*, 401 Ill. App. 3d 748, 754 (2010). Under *Strickland*, respondent must prove that "(1) counsel's performance was deficient, such that the errors were so serious that counsel was not functioning as the 'counsel' contemplated by the Code; and (2) counsel's errors were so prejudicial as to deprive her of a fair proceeding." *Carmody*, 274 Ill. App. 3d at 57 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Upon review, we find two instances of ineffective assistance.

## A. Examination of Medical Expert

Section 3-807 of the Mental Health and Developmental Disabilities Code (Code) provides:

> "No respondent may be found subject to involuntary admission on an inpatient or outpatient basis unless at least one psychiatrist, clinical social worker, clinical psychologist, or qualified examiner *who has examined the respondent* testifies in person at the hearing. The respondent may waive the requirement of the testimony subject to the approval of the court." (Emphasis added.) 405 ILCS 5/3-807 (West 2016).

We note that the State has confessed error with regard to this issue. For the following reasons, we accept the State's confession.

In this case, Wrzosek's testimony established that she had not personally examined respondent before the hearing. The pleadings indicate that only Lancia had personally examined respondent, and the State did not call Lancia to testify. Respondent also did not waive the testimony of an examining expert, and Wrzosek's review of respondent's medical records did not satisfy this statutory requirement. *In re Michelle J.*, 209 Ill. 2d 428, 437 (2004) (reviewing a respondent's medical records does not satisfy the statutory requirement that the expert examine the respondent prior to the hearing). Therefore, counsel's performance was deficient for not objecting to the State's omission of testimony of an expert who had not examined respondent. Counsel's omission prejudiced the outcome of the proceeding as respondent could not be subject to involuntary admission without the testimony of an expert examiner who actually examined respondent. 405 ILCS 5/3-807 (West 2016).

## B. Written Medication Requirement

Section 2-102 of the Code requires the State to notify the recipient of involuntarily administered psychotropic medication with written notice of the "side effects, risks, and benefits of the treatment, as well as alternatives to the proposed treatment." 405 ILCS 5/2-102(a-5) (West 2016). Information regarding the risks and benefits of the psychotropic medications is required for a respondent to make an informed decision on treatment. *In re*

*Vanessa K.*, 2011 IL App (3d) 100545, ¶ 20. Verbal advice on the medication does not satisfy this statutory requirement. *Id.*

¶ 26 The State concedes that the treating psychiatrists proposed treating respondent with lithium but the record did not contain any written information on this medication.[1] After reviewing the record, we accept the State's confession and find that there is no indication that respondent received written notice of the side effects, risks, benefits, and alternative treatments to lithium. Therefore, counsel's performance was deficient for not raising this omission in the circuit court. As respondent could not be compelled to take lithium without receiving the statutorily required written information, counsel's performance was deficient for failing to raise this issue. 405 ILCS 5/2-102(a-5) (West 2016).

¶ 27                                    CONCLUSION
¶ 28 The judgment of the circuit court of Peoria County is reversed.

¶ 29 Reversed.

---

[1]The common law record contains written information forms for risperidone and several other alternative psychotropic medications that were proposed in the petition that was signed by Lancia.