No. 3--02--0001

_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002 

IN THE MATTER OF ) Appeal from the Circuit Court

 ) of the 10th Judicial Circuit,

GLORIA B., ) Peoria County, Illinois

 )

Alleged to be a Person ) 

Subject to the Involuntary )

Administration of ) 

Psychotropic Medication )

 )

(The People of the State of   ) 

Illinois, ) No. 01--MH--285

 )

Petitioner-Appellee, ) 

 ) 

v. ) 

 ) 

Gloria B., ) Honorable

                                ) Joe Vespa

Respondent-Appellant). ) Judge, Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the opinion of the court:

_________________________________________________________________

The respondent, Gloria B., appeals from an order of the circuit court granting the State’s petition to involuntarily administer psychotropic medication.  The respondent alleges that the order should be reversed because it fails to comply with the Mental Health and Developmental Disabilities Code (Code) (405 ILCS 5/2--107.1 
et
 
seq
. (West 2000)) in that: (1) it does not specify the medications to be administered or the dosage amounts, and (2) it does not name the persons authorized to administer the medications.  We reverse.

On November 29, 2001, the State filed a petition requesting authority to administer involuntary medications to the respondent.  At the hearing on the petition, Dr. Sreehari Patibandla, the respondent’s treating physician, testified that he wanted to treat the respondent with Zyprexa, Haloperidol or Clozapine.  These drugs are psychotropic medications.  He stated that he would first administer Zyprexa, which is taken orally.  The dosage of Zyprexa would be between 2.5 and 20 milligrams per day.  If the respondent refused to take the Zyprexa, he would administer Haloperidol, because it can be administered by injection.  The Haloperidol dosage would be between 5 and 200 milligrams per day.  If she did not improve on the Haloperidol, he would administer Clozapine.  The dosage for Clozapine would be between 25 and 900 milligrams per day.  The doctor testified that in the past eight years the respondent had been admitted to the Zeller Mental Health Center 14 or 15 times.

The judge found that the respondent was in need of involuntary medication.  The trial judge stated, "The Court makes the findings as set forth in the form order that I am about to sign ***."  The order stated that the respondent should receive treatment:

"to be administered by members of the clinical staff at Zeller Mental Health, whose license(s) allows them to administer the treatment pursuant to Illinois law.

The above-named staff is authorized to administer psychotropic medication/electro-convulsive therapy to the above-named recipient for a period not to exceed 90 days."

On appeal, the respondent asserts that the court’s order should be reversed because it does not comply with the Code.

As the order was entered in December 2001 and only lasted for 90 days, we recognize that this issue is moot.  However, a moot issue may be addressed on appeal if the issue is of short duration, capable of evading review.  
In re Barbara H.
, 183 Ill. 2d 482, 702 N.E.2d 555 (1998).  To qualify for review under this exception, the challenged action must be of so short a duration that it cannot be fully litigated and the respondent is likely to be subjected to the complained of action again.  
Barbara H.
, 183 Ill. 2d 482, 702 N.E.2d 555.  The Code limits the duration of an order for involuntary medication to 90 days.  405 ILCS 5/2--107.1(a)(5) (West 2000).  An appeal on an issue involving the petition could not reasonably be expected to be completed in less than 90 days.  Furthermore, the record reflects that the respondent had repeatedly been admitted for psychological treatment.  Thus, it is appropriate to review this case under an exception to the mootness doctrine.

The Code provides that an order for the involuntary administration of medication "shall designate the persons authorized to administer the authorized involuntary treatment ***.  The order shall also specify the medications and the anticipated range of dosages that have been authorized."  405 ILCS 5/2--107.1(a)(6) (West 2000).

The involuntary administration of psychotropic medications clearly impacts an individual’s liberty interests.  
In re C.E.
, 161 Ill. 2d 200, 641 N.E.2d 345 (1994).  The Code protects patients from the potential misuse of psychotropic medication by medical staff.  
C.E.
, 161 Ill. 2d 200, 641 N.E.2d 345.  Therefore, a court’s order that does not comply with the Code should be reversed.  
In re Cynthia S.
, 326 Ill. App. 3d 65, 759 N.E.2d 1020 (2001). 

Citing 
In the Matter of Miller
, 301 Ill. App. 3d 1060, 705 N.E.2d 144 (1998), the State argues that the failure of the order to comply with the Code does not require reversal.  In 
Miller
, the trial court’s order did not specifically name the individuals authorized to administer the medication, the medications to be administered, or the dosage of the medications to be administered.  On appeal, the respondent argued that the order should be reversed because of these infirmities.  The appellate court affirmed, holding that (1) the respondent had waived the issue by failing to object to the order at trial; (2) the respondent had not alleged any prejudice resulting from the order; and (3) the treating physician was intimately familiar with the respondent’s case.  
Miller
, 301 Ill. App. 3d 1060, 705 N.E.2d 144.  
Miller
 is distinguishable from the case at bar in that the respondent in this case alleged that she was prejudiced by the omissions in the order.  Furthermore, in 
Miller
, the treating physician who testified had a long history of treating the defendant, which the court indicated was an important factor in determining whether the trial court’s order should be reversed.  Here, the treating physician who testified had been the respondent’s physician for only a few days.  These critical differences compel us to reach a different result than that reached in 
Miller
.  

In the instant case, the judge signed a form order that stated that the "staff at Zeller Mental Health" was authorized to "administer psychotropic medication/electro-convulsive therapy."  Not only is the approved dosage of medication not stated in the order, the types of medication approved are lacking.  Furthermore, the individuals who are authorized to administer the medications are not listed.  Any one of these failings would be sufficient to require the reversal of the court’s order.  Therefore, we reverse the circuit court’s order.

The judgment of the circuit court of Peoria County is reversed
.

Reversed. 

SLATER and MCDADE, JJ., concur.