Rule 23 order filed
August 4, 2009;
Motion to publish granted
December 10, 2009.

NOS. 5-08-0010, 5-08-0327, & 5-08-0553

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* DONRELL S., Alleged to Be a Person Subject to Involuntary Admission | ) Appeal from the ) Circuit Court of ) Randolph County. ) |
| (The People of the State of Illinois, Petitioner-Appellee, v. Donrell S., Respondent-Appellant). _____ | ) No. 07-MH-288 ) ) ) |
| *In re* HAL K., Alleged to Be a Person Subject to Involuntary Admission | ) ) ) ) No. 08-MH-31 ) |
| (The People of the State of Illinois, Petitioner-Appellee, v. Hal K., Respondent-Appellant). _____ | ) ) ) ) ) |
| *In re* LANCE H., Alleged to Be a Person Subject to Involuntary Admission | ) ) No. 08-MH-170 ) ) Honorable |
| (The People of the State of Illinois, Petitioner-Appellee, v. Lance H., Respondent-Appellant). | ) William A. Schuwerk, Jr., ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

The respondents, Donrell S., Hal K., and Lance H., appeal orders finding them subject to involuntary admission after each waived his right to a hearing. Because this court has recently found that the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/1-100 *et seq.* (West 2006)) does not contemplate or permit such a blanket waiver of all the procedural safeguards provided to respondents on petitions for involuntary admission, we reverse.

These three cases involve patients with long histories of mental illness and multiple previous involuntary admissions. In September 2004, respondent Donrell S. was

1

involuntarily admitted to Chester Mental Health Center (Chester). He was diagnosed with schizoaffective disorder, bipolar type, and suffered paranoid delusions. On November 29, 2007, the State filed the petition for continued involuntary admission at issue in this appeal. At the outset of the December 5 hearing on that petition, Donrell's attorney, Jeremy Walker, informed the court that Donrell had "expressed a desire to waive the right to a hearing." The following discussion followed:

"THE COURT: Mr. [S.], do you wish to give up your right to have a hearing this morning?

RESPONDENT [Donrell S.]: I want to appeal.

THE COURT: Do you want to have a hearing?

RESPONDENT: Waive.

THE COURT: I'll accept your waiver."

The court then found that Donrell S. was subject to involuntary commitment. That was the full extent of the hearing. Donrell S. filed his notice of appeal on January 2, 2008.

The second respondent in this appeal, Hal K., has a far longer history. His first involuntary admission to a facility occurred in 1980; however, his symptoms of anger and paranoia date back to 1961, when he was 13 years old. In 1988, Hal was found not guilty by reason of insanity on charges of attempted murder, aggravated battery, and armed violence in Cook County. In July 2006, he was transferred to Chester and became a civil involuntary admittee after his *Thiem* date had passed. *People v. Thiem*, 82 Ill. App. 3d 956, 962, 403 N.E.2d 647, 652 (1980) (explaining that an order committing a defendant found not guilty by reason of insanity must specify a maximum period of confinement equal to the longest sentence the defendant could have received had he been convicted).

On February 14, 2008, the State filed the petition for continued involuntary admission that forms the basis of this appeal. A hearing on the petition was set for February 20. Hal

2

was represented at the hearing by Jeremy Walker, the same attorney who represented Donrell S. at his hearing. Walker told the court that, after discussing the petition prior to coming to court that morning, Hal "expressed a desire to waive his right to a hearing this morning." The court asked Hal if he wanted to give up his right to a hearing, and the following conversation ensued:

"RESPONDENT [Hal K.]: I don't know what the advantage is in having a hearing.

THE COURT: So you want to give it up, correct?

RESPONDENT: I guess.

THE COURT: I'll accept your waiver."

The court then found Hal subject to involuntary admission and entered an order to that effect. This was the full extent of the hearing.

On March 20, 2008, Hal K. filed a *pro se* motion to reconsider. He alleged that he only waived the hearing because he was advised by his former attorney that he had no chance of winning at the hearing. On May 21, the court held a hearing on the motion. Hal appeared with new counsel. Through counsel, he argued, as he does on appeal, that the Mental Health Code does not permit the waiver of the statutorily mandated procedures in their entirety. The court interrupted and the following exchange took place:

"THE COURT: Well, here, I don't know what you're talking about there, but we've been doing these things down here for 30 years, and we've been taking waivers from recipients for over 30 years that I'm aware of. I don't know what they do in Alton. Do they take waivers in Alton?

MS. GOEBEN [counsel for Hal K.]: No, Your Honor.

THE COURT: No waivers of hearings at all?

MS. GOEBEN: No."

3

The court rejected Hal's arguments. The court took judicial notice that, in 13 previous hearings, Hal sometimes had waived the hearing and sometimes had not. The court found that this pattern indicated that Hal "knew what he was doing" when he waived the right to a hearing. The court therefore denied the motion to reconsider. Hal K. filed a notice of appeal on June 10, 2008.

Lance H.'s earliest admission to a facility was in 1997. On February 29, 2008, Lance H. was admitted to Chester after he reached his parole date on a sentence for sexual assault. On March 4, Lance signed an application to be admitted voluntarily to Chester. On June 4, however, he was found subject to involuntary admission. On August 28, 2008, the State filed a petition for continued involuntary admission. The entire September 3 hearing on the petition echoed the hearings on the petitions for continued involuntary admission of Donrell S. and Hal K. It began with attorney Jeremy Walker informing the court that he had discussed the proceedings with Lance that very morning and that Lance "expressed a desire to waive his right to a hearing." The remainder of the hearing consisted of the following exchange:

"THE COURT: Mr. [H.], do you wish to give up your right to have a hearing this morning?

RESPONDENT [Lance H.]: Yes, sir.

THE COURT: I'll accept your waiver."

On October 1, 2008, Lance H. filed a motion to reconsider, through newly appointed counsel Barbara Goeben. He argued that (1) the Mental Health Code does not permit a complete waiver of a hearing on a petition for involuntary admission to a facility and (2) even assuming that the hearing can be waived in its entirety, Lance did not understand the consequences of waiving his right to a hearing. The court denied the motion to reconsider on October 3. Lance H. filed his appeal on October 30, 2008. Because the three cases

4

present identical issues, this court consolidated them for purposes of argument and decision.

We begin by noting that all three of these appeals are moot. The order involuntarily admitting Donrell S. expired on June 2, 2008; the order admitting Hal K. expired on August 18, 2008; and the order admitting Lance H. expired on December 1, 2008. Because the orders appealed have expired, we cannot grant effective relief to any of these respondents. This makes the issues raised in these appeals moot. *In re Barbara H.*, 183 Ill. 2d 482, 490, 702 N.E.2d 555, 559 (1998). Ordinarily, courts lack jurisdiction to consider moot issues because our rulings on those issues are, essentially, advisory. *In re Barbara H.*, 183 Ill. 2d at 490-91, 702 N.E.2d at 559. However, we may consider these appeals if they fall within a recognized exception to the mootness doctrine. *In re Alfred H.H.*, 233 Ill. 2d 345, 351, 910 N.E.2d 74, 78 (2009).

We find that the instant appeal falls within the recognized exception for cases that are capable of repetition yet avoiding review. In order to fit within this exception, an appeal must meet two criteria. First, the order appealed "must be of a duration too short to be fully litigated prior to its cessation." *In re Alfred H.H.*, 233 Ill. 2d at 358, 910 N.E.2d at 82. This criterion is clearly met here. Initial orders for involuntary admission expire after 90 days. Orders for continued involuntary admission, such as those involved here, expire after 180 days (although we note that the order entered finding Lance H. subject to involuntary admission expired in 90 days). This is too little time to permit an appeal to be fully litigated before the orders expire.

In addition, there must be a "reasonable expectation that the same complaining party would be subjected to the same action again." *In re Barbara H.*, 183 Ill. 2d at 491, 702 N.E.2d at 559. The potential future action need not be identical to the action appealed; however, it must be similar enough that the resolution of the issue raised in the otherwise-moot appeal will likely have an effect on a future case involving the appellant. *In re Alfred*

5

*H.H.*, 233 Ill. 2d at 359, 910 N.E.2d at 82. As noted, these three respondents all have a long history of mental illness, and all three have been found subject to involuntary admission more than once. We may also take judicial notice of the fact that Lance H. has an appeal pending before this court which raises the identical issue after a subsequent order finding him subject to continued involuntary commitment. Moreover, as previously discussed, the record of the hearing on Hal K.'s motion to reconsider demonstrates that precisely this issue has arisen more than once during proceedings on petitions involving Hal. Thus, we find that these three respondents are very likely to be subjected to the same action again. We will therefore consider this appeal under the capable-of-repetition-yet-avoiding-review exception.

This court recently addressed the issues raised in this appeal in *In re Michael H.*, 392 Ill. App. 3d 965, 912 N.E.2d 703 (2009). There, as here, the respondent was found subject to continuing involuntary admission to Chester after waiving his right to a hearing on the petition for continued commitment. *In re Michael H.*, 392 Ill. App. 3d at 968, 912 N.E.2d at 706. There, as here, the respondent argued on appeal that (1) the Mental Health Code does not permit the complete waiver of a hearing, (2) alternatively, the court must at least make a reasonable inquiry into both the respondent's capacity to waive his rights and his understanding of the consequences of doing so, and (3) if a respondent does agree to be admitted, he must be treated as a voluntary admittee, with all the rights that entails. *In re Michael H.*, 392 Ill. App. 3d at 970, 912 N.E.2d at 708; see 405 ILCS 5/3-403 (West 2006) (providing that a voluntarily admitted patient may request a discharge at any time); 405 ILCS 5/3-404 (West 2006) (requiring the facility to reassess a voluntarily admitted patient's need for continued hospitalization after 30 days and providing that the patient's failure to confirm in writing his or her desire for continued admission at that time will be interpreted to mean the patient no longer wishes to be admitted).

In accepting these arguments, we noted that the Mental Health Code does not

6

expressly prohibit an "agreed" order for involuntary admission. *In re Michael H.*, 392 Ill. App. 3d at 978, 912 N.E.2d at 714. However, we found that such an order is at odds with various provisions of the Mental Health Code. *In re Michael H.*, 392 Ill. App. 3d at 978, 912 N.E.2d at 714. We emphasized the statutory provisions governing agreed orders for less restrictive mental health care (see 405 ILCS 5/3-801.5 (West 2006)) and the provisions relating to voluntary admission (see 405 ILCS 5/3-403, 3-801 (West 2006)).

We explained that even when a respondent agrees to an order for outpatient care, before entering the agreed order, the court must make two critical inquiries. The court must determine whether the respondent understands the conditions of the order. *In re Michael H.*, 392 Ill. App. 3d at 977, 912 N.E.2d at 713 (citing 405 ILCS 5/3-801.5(a)(2) (West 2006)). The court must also determine whether the treatment proposed in the order will be in the respondent's best interests. *In re Michael H.*, 392 Ill. App. 3d at 977, 912 N.E.2d at 713 (citing 405 ILCS 5/3-801.5(a)(1) (West 2006)). In other words, even where a respondent agrees to an order for treatment, the court cannot treat this agreement as a complete waiver of the statutory procedures put in place to protect his rights.

Even assuming a similar procedure would be permissible with respect to a commitment order, we found that the court's inquiry into Michael's understanding of the rights he was waiving was "woefully inadequate." *In re Michael H.*, 392 Ill. App. 3d at 975, 912 N.E.2d at 711. We note that the lack of any meaningful inquiry into these three respondents' capacity to waive their rights was far more egregious than what occurred in the *Michael H.* case. There, at least the court asked if Michael understood what his attorney told the court, to which Michael replied: " 'Yeah. He said I would be here for another six months.' " *In re Michael H.*, 392 Ill. App. 3d at 968, 912 N.E.2d at 706. We found this inquiry to be inadequate because the court did not determine whether Michael understood the burden the State would have to meet if he went forward with the hearing or whether he

7

understood that he had the option of requesting a voluntary admission and seeking to dismiss the pending petition for involuntary admission. *In re Michael H.*, 392 Ill. App. 3d at 975, 912 N.E.2d at 711.

Here, the "inquiries" were even more lacking. The court asked Lance H. only if he wanted to waive the hearing. When the court asked Donrell S. if he wanted to give up his right to a hearing, Donrell stated that he wanted to appeal, which indicated that he did not understand what he was waiving at all. Hal K. told the court that he did not know what advantage there was in having a hearing, and when asked if that meant he wanted to waive it, he replied, "I guess." At best, this indicates ambivalence toward the so-called waiver. See *In re Michael H.*, 392 Ill. App. 3d at 977, 912 N.E.2d at 713 (explaining that a respondent might waive his hearing because he believes it would be futile, rather than because he truly wants to waive it). This we cannot endorse.

Moreover, in our *Michael H.* decision, we found several reasons to treat orders for involuntary admission differently from orders for alternative care. First, we found that those orders are inherently more restrictive than other mental health orders. *In re Michael H.*, 392 Ill. App. 3d at 972, 912 N.E.2d at 709. Next, we found that even if procedures applicable to agreed orders for outpatient care are followed, an "agreed" order for involuntary admission would be inconsistent with the provisions of the Mental Health Code governing both agreed orders for outpatient care and orders for voluntary admission. We explained that an agreed order for outpatient care may not include a requirement that the respondent be admitted to a facility. *In re Michael H.*, 392 Ill. App. 3d at 977, 912 N.E.2d at 713 (citing 405 ILCS 5/3-801.5(a)(4) (West 2006)). Likewise, it may not be construed as a finding that the respondent is subject to involuntary admission. *In re Michael H.*, 392 Ill. App. 3d at 978, 912 N.E.2d at 713 (citing 405 ILCS 5/3-801.5(d) (West 2006)).

We further explained that, if a respondent requests a voluntary admission while a

8

petition for involuntary admission is pending, the court may either dismiss the petition immediately or "require proof that dismissing the petition is in the best interests of the respondent and the public." *In re Michael H.*, 392 Ill. App. 3d at 978, 912 N.E.2d at 714 (citing 405 ILCS 5/3-801 (West 2006)). If the court dismisses the petition, then the respondent is to be treated as a voluntarily admitted patient. If, on the other hand, the court does not dismiss the petition, it will remain pending "subject to all the procedural safeguards ordinarily applicable" before the court can order the respondent committed involuntarily. *In re Michael H.*, 392 Ill. App. 3d at 978-79, 912 N.E.2d at 714.

Finally, we considered the purpose of these requirements. We explained that they ensure that neither a respondent's agreement to an order for outpatient care nor a respondent's decision to be admitted voluntarily can be used as a way to circumvent the requirements applicable to a petition for involuntary commitment. *In re Michael H.*, 392 Ill. App. 3d at 978, 912 N.E.2d at 714. In light of this, we held that a respondent in proceedings on a petition for involuntary admission cannot effectively waive the entire hearing and all the rights that entails unless he is treated as a voluntary admittee. *In re Michael H.*, 392 Ill. App. 3d at 978-79, 912 N.E.2d at 714. That holding controls our decision today.

For the reasons stated, we reverse the orders finding Donrell S., Hal K., and Lance H. to be subject to continued involuntary admission.


Reversed.


GOLDENHERSH and SPOMER, JJ., concur.

9

NOS. 5-08-0010, 5-08-0327, & 5-08-0553

IN THE
APPELLATE COURT OF ILLINOIS
FIFTH DISTRICT

| | | |
|---|---|---|
| *In re* DONRELL S.,<br>Alleged to Be a Person Subject to Involuntary<br>Admission<br><br>(The People of the State of Illinois, Petitioner-<br>Appellee, v. Donrell S., Respondent-Appellant).<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Randolph County.<br><br>No. 07-MH-288 |
| *In re* HAL K.,<br>Alleged to Be a Person Subject to Involuntary<br>Admission<br><br>(The People of the State of Illinois, Petitioner-<br>Appellee, v. Hal K., Respondent-Appellant).<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-MH-31 |
| *In re* LANCE H.,<br>Alleged to Be a Person Subject to Involuntary<br>Admission<br><br>(The People of the State of Illinois, Petitioner-<br>Appellee, v. Lance H., Respondent-Appellant). | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-MH-170<br><br>Honorable<br>William A. Schuwerk, Jr.,<br>Judge, presiding. |

**Rule 23 Order Filed:** August 4, 2009
**Motion to Publish Granted:** December 10, 2009
**Opinion Filed:** December 10, 2009

**Justices:** Honorable Melissa A. Chapman, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Stephen L. Spomer, J.,
Concur

**Attorney for Appellants** Barbara A. Goeben, Staff Attorney, Legal Advocacy Service, Guardianship & Advocacy Commission, Metro E. Regional Office, 4500 College Avenue, Suite 100, Alton, IL 62002

**Attorneys for Appellee** Stephen E. Norris, Deputy Director, Kevin D. Sweeney, Staff Attorney, State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, P.O. Box 2249, Mt. Vernon, IL 62864; Hon. Randall Rodewald, Randolph County State's Attorney, Randolph County Courthouse, #1 Taylor Street, Chester, IL 62233