Rule 23 order filed
February 8, 2010;
Motion to publish granted
April 1, 2010.

NO. 5-09-0310

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| *In re* JOSEPH M., Alleged to Be a Person Subject to the Involuntary Administration of Psychotropic Medication | ) Appeal from the Circuit Court ) of Randolph County. ) |
| | ) No. 09-MH-89 |
| (The People of the State of Illinois, Petitioner-Appellee, v. Joseph M., Respondent-Appellant). | ) ) Honorable William A. Schuwerk, Jr., ) Judge, presiding. |

_____

PRESIDING JUSTICE GOLDENHERSH delivered the opinion of the court:

Respondent, Joseph M., appeals an order finding him subject to the involuntary administration of psychotropic medications pursuant to section 2-107.1 of the Mental Health and Developmental Disabilities Code (Mental Health Code) (405 ILCS 5/2-107.1 (West 2008)) after he waived his right to a hearing. The State has filed a confession of error. Because the Mental Health Code does not contemplate or permit such a blanket waiver of all the procedural safeguards provided to respondents in proceedings on a petition for the involuntary administration of psychotropic medication, we reverse.

Prior to discussing the case, we note that the case could be considered moot, which would result in a lack of jurisdiction in the court to consider the appeal. The order at issue was entered on May 7, 2009, and expired 180 days later. See 405 ILCS 5/2-107.1(a-5)(5) (West 2008). Because the order appealed has expired, we cannot grant effective relief to respondent. We recognize that the reversal of the trial court's order would not, in itself, purge respondent's medical records of the fact of his treatment or the involuntary medication order. Nonetheless, we will address the questions raised in this appeal under the "public-interest exception" to the mootness doctrine. Our review recognizes that the duration of the

1

order is "too short to be fully litigated prior to its cessation" (*In re Alfred H.H.*, 233 Ill. 2d 345, 358, 910 N.E.2d 74, 82 (2009)), and yet, respondent's history of mental illness virtually guarantees that he will be the subject of petitions for the involuntary administration of psychotropic medication in the future (see *In re Mary Ann P.*, 202 Ill. 2d 393, 401-02, 781 N.E.2d 237, 242-43 (2002); *In re Donrell S.*, 395 Ill. App. 3d 599, 603, 919 N.E.2d 512, 516 (2009)). His involuntary treatment could adversely affect him collaterally in the future. See *In re Alfred H.H.*, 233 Ill. 2d 345, 362, 910 N.E.2d 74, 84 (2009) (the collateral-consequences exception applies where the reversal of the trial court's order could provide a basis for a motion *in limine* that would prohibit any mention of the hospitalization during the course of another proceeding).

We also recognize that the State's confession of error does not relieve this court of its duty to perform its judicial function by independently examining the errors confessed, in order to protect the public interest. *Young v. United States*, 315 U.S. 257, 258-59, 86 L. Ed. 832, 834-35, 62 S. Ct. 510, 511 (1942); *In re Larry B.*, 394 Ill. App. 3d 470, 471, 914 N.E.2d 1243, 1244-45 (2009).

## BACKGROUND

On April 30, 2009, Chester Mental Health Center (Chester) psychiatrist P.S. Thakur, M.D., filed a petition seeking permission to administer involuntary treatment to respondent. The petition detailed respondent's long history of mental illness and treatment, his criminal history, and his then-current mental status. It listed the medications that Dr. Thakur sought to administer to respondent and included the proposed dosages, their frequency and the mode of administration, and the monitoring tests that were required. On May 2, 2009, respondent was served with the petition. Although the petition stated that a 1999 Cook County criminal charge had not been withdrawn by the State in June 2007, when the defendant was declared permanently unfit to stand trial, there was no substantiation that respondent's attorney had

2

been served with the petition in compliance with section 2-107.1(a-5)(1) of the Mental Health Code (405 ILCS 5/2-107.1(a-5)(1) (West 2008) (a respondent's criminal defense attorney is to be notified of a hearing on a petition for the involuntary administration of psychotropic medication)).  See *In re Robert S.*, 213 Ill. 2d 30, 56, 820 N.E.2d 424, 439 (2004).

At the beginning of the May 7, 2009, hearing on the petition, respondent's attorney, Jeremy Walker, addressed the court.  He informed the court that he had met with respondent and had discussed with him the petition and his right to a hearing and that respondent had "expressed a desire to waive his right to the same."  The remainder of the hearing transcript is set out verbatim as follows:

"THE COURT: Mr. [M.], do you wish to give up your right to have a hearing this morning?

RESPONDENT [Joseph M.]: (Respondent [M.] nodding head.)

THE COURT: He's shaking [*sic*] his head [']yes.['] I'll accept your waiver. It's the order of the [c]ourt that the administration is authorized to administer psychotropic medications and the medication dosages set forth in this order for a period not to exceed 180 days."

The judge signed a form order granting S.K. Suneja, M.D., a psychiatrist at Chester, the authority to administer involuntary treatment to respondent.  The judge made no findings of fact for the record.

On June 3, 2009, Barbara A. Goeben, staff attorney for the Illinois Guardianship and Advocacy Commission, entered her appearance on behalf of respondent and filed a motion to reconsider the grant of the petition.  She argued that an order for the involuntary administration of psychotropic medication cannot be entered without the entry of written findings of fact that are sufficient to determine the basis for the involuntary medication order.

3

She cited section 3-816 of the Mental Health Code (405 ILCS 5/3-816 (West 2008)) and this court's decision in *In re James S.*, 388 Ill. App. 3d 1102, 904 N.E.2d 1072 (2009), a copy of which was appended to the pleading, in support of the motion. The judge denied the motion to reconsider.

## STANDARD OF REVIEW

Generally, a trial court's order permitting the involuntary administration of psychotropic medication will not be reversed unless it is against the manifest weight of the evidence. *In re C.S.*, 383 Ill. App. 3d 449, 451, 890 N.E.2d 1007, 1010 (2008). "A judgment will be considered against the manifest weight of the evidence 'only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on evidence.' " *In re Louis S.*, 361 Ill. App. 3d 774, 779, 838 N.E.2d 226, 231 (2005) (quoting *In re John R.*, 339 Ill. App. 3d 778, 781, 792 N.E.2d 350, 353 (2003)).

## CONTENTIONS ON APPEAL

Respondent contends that the trial court's order authorizing the involuntary administration of psychotropic mediation must be reversed. He argues that the trial court's acceptance of his waiver of a hearing on the petition for the involuntary administration of psychotropic medication violated his right to a fair trial, that the order was improper because neither the record nor a written order containing a statement of the court's findings of fact was made, and that his appointed counsel failed to provide him with adequate representation.

## DISCUSSION

The Illinois Supreme Court has observed that the involuntary administration of psychotropic drugs involves a " ' "massive curtailment of liberty." ' " *In re Robert S.*, 213 Ill. 2d 30, 46, 820 N.E.2d 424, 434 (2004) (quoting *In re Barbara H.*, 183 Ill. 2d 482, 496, 702 N.E.2d 555, 561 (1998) (quoting *Vitek v. Jones*, 445 U.S. 480, 491, 63 L. Ed. 2d 552, 564, 100 S. Ct. 1254, 1263 (1980))). "Even during involuntary hospitalization, an individual

4

retains his liberty interests to remain free from unwarranted intrusions into his body and mind." *In re Orr*, 176 Ill. App. 3d 498, 512, 531 N.E.2d 64, 74 (1988) (citing *Mills v. Rogers*, 457 U.S. 291, 299, 73 L. Ed. 2d 16, 22-23, 102 S. Ct. 2442, 2448 (1982)). The Mental Health Code serves in part to protect patients from the potential misuse of psychotropic medication by medical staff to restrain, manage, or discipline patients, rather than to treat their mental illness. *In re Mary Ann P.*, 202 Ill. 2d 393, 408, 781 N.E.2d 237, 246 (2002); *In re C.E.*, 161 Ill. 2d 200, 215-16, 641 N.E.2d 345, 352 (1994); *In re Gloria B.*, 333 Ill. App. 3d 903, 905, 776 N.E.2d 853, 855 (2002). A petitioner seeking involuntary medication for a patient is thus required to prove by clear and convincing evidence that a recipient of mental health services has a serious mental illness or developmental disability; that his ability to function has deteriorated, that he is suffering, or that he exhibits threatening behavior; that the mental illness has continued for a period of time or episodically; that the benefits of the treatment outweigh the harm; that other, less restrictive services have been explored and found inappropriate; and that if authorization is sought for testing and other procedures, the testing and procedures are essential for the safe and effective administration of the treatment. 405 ILCS 5/2-107.1(a-5)(4)(A) through (a-5)(4)(G) (West 2008); *In re Dorothy J.N.*, 373 Ill. App. 3d 332, 335, 869 N.E.2d 413, 415-16 (2007). Clear and convincing proof is defined as "that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." *In re John R.*, 339 Ill. App. 3d at 781, 792 N.E.2d at 353 (citing *Bazydlo v. Volant*, 164 Ill. 2d 207, 213, 647 N.E.2d 273, 276 (1995)). To meet this clear-and-convincing-proof standard, the State must present expert testimony. 405 ILCS 5/3-807, 2-107.1(a-5)(3) (West 2008). "An order unsupported by expert testimony shall be reversed. [Citation.] Expert opinions alone are insufficient. The opinions must be supported with specific facts establishing the bases for those opinions." *In re David S.*, 386 Ill. App. 3d 878, 882, 899 N.E.2d 349, 353 (2008).

5

This court's decision in *In re Larry B.* is instructive. There, the trial court approved the administration of psychotropic medication despite the facts that the petition had never been introduced into evidence and the testimony of respondent's psychiatrist was factually insufficient to allow the court to find that the benefits of the proposed medication outweighed the risks. We reversed the court's order, finding as follows: "The procedural safeguards enacted by the legislature regarding authorization for the involuntary administration of psychotropic medication are not mere technicalities; rather, they are intended to safeguard the important liberty interests of the patient." *In re Larry B.*, 394 Ill. App. 3d at 475, 914 N.E.2d at 1247.

There was no evidence before the court in the instant case to support the grant of the petition. Although the petition was well-written and thoroughly documented, it was never introduced into evidence. The record is devoid of findings of fact to support the judge's order, and the order itself was a form order that indicated no findings of fact. We have already noted that respondent's new counsel presented the judge with authority from this court that was directly on point: the trial court must accompany its order with a statement on the record of its findings of fact or written findings that support the order for the involuntary administration of psychotropic medication in compliance with section 3-816(a) of the Mental Health Code (405 ILCS 5/3-816(a) (West 2008)). *In re James S.*, 388 Ill. App. 3d 1102, 1107, 904 N.E.2d 1072, 1077 (2009). Given respondent's profound liberty interest in being free of invasive chemical interference with his mental processes, the absence of findings warrants a reversal of the judge's order.

Respondent also contends that his appointed counsel provided ineffective assistance. Because of our resolution of the preceding issues and our determination that the order granting the petition must be reversed, we need not consider respondent's allegations of error regarding his counsel's representation.

## CONCLUSION

For the foregoing reasons, the order authorizing the involuntary administration of psychotropic medications to respondent is reversed.

Reversed.

DONOVAN and STEWART, JJ., concur.

NO. 5-09-0310

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| *In re* JOSEPH M., Alleged to Be a Person Subject to the Involuntary Administration of Psychotropic Medication<br><br>(The People of the State of Illinois, Petitioner-Appellee, v. Joseph M., Respondent-Appellant). | ) Appeal from the Circuit Court<br>) of Randolph County.<br>)<br>) No. 09-MH-89<br>)<br>) Honorable William A. Schuwerk, Jr.,<br>) Judge, presiding. |

**Rule 23 Order Filed:** February 8, 2010
**Motion to Publish Granted:** April 1, 2010
**Opinion Filed**: April 1, 2010

**Justices**:     Honorable Richard P. Goldenhersh, P.J.

           Honorable James K. Donovan, J., and
           Honorable Bruce D. Stewart, J.,
           Concur

**Attorneys for Appellant**     Barbara A. Goeben, Staff Attorney, Veronique Baker, Director, Legal Advocacy Service, Guardianship and Advocacy Commission, Metro East Regional Office, 4500 College Avenue, Suite 100, Alton, IL 62002

**Attorneys for Appellee**     Hon. Randall Rodewald, State's Attorney, Randolph County Courthouse, Chester, IL 62233; Patrick Delfino, Director, Stephen E. Norris, Deputy Director, Sharon Shanahan, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, Fifth District Office, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864