2024 IL App (1st) 232028-U

FIFTH DIVISION
FEBRUARY 23, 2024

No. 1-23-2028B

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 10773 |
| | ) | |
| TREVEON FRAZIER, | ) | Honorable |
| | ) | James M. Obbish, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Mitchell and Justice Navarro concurred in the judgment.

ORDER

¶ 1    *Held*: The appeal is dismissed as moot, as defendant's challenge to the aggravated unlawful use of a weapon statute does not fall under the public interest exception.

¶ 2    On September 7, 2023, the defendant-appellant, Treveon Frazier, was arrested and then subsequently charged with aggravated unlawful use of a weapon. At his first appearance, the circuit court imposed a $10,000 deposit-bond (D-bond). On October 13, 2023, the State filed a petition for a pretrial detention hearing in Mr. Frazier's case. On that date, the circuit court conducted a hearing on the petition. In the hearing, the circuit court granted the State's petition for pretrial

detention under the dangerousness standard of section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) as amended by Public Acts 101-652, § 10-255 and 102-1104 § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1 (West 2022)), commonly known as the Pretrial Fairness Act. On January 10, 2024, Mr. Frazier pleaded guilty to one count of aggravated unlawful use of a weapon. On appeal, Mr. Frazier argues that the offense of aggravated unlawful use of a weapon without a Firearm Owner's Identification (FOID) Card was unconstitutional as applied to him. In a subsequent motion, Mr. Frazier asks for us to review the claim under the public interest exception of the mootness doctrine. For the reasons that follow, we dismiss the appeal as moot.

¶ 3                                 BACKGROUND

¶ 4     On September 7, 2023, Mr. Frazier was arrested, after Chicago Police Department officers observed Mr. Frazier with a bulge in his waistband, consistent with a firearm, and saw him adjusting the bulge. The officers went to speak with Mr. Frazier but instead he fled into an alley. When officers pursued him into the alley, they saw him remove a firearm from his waistline and they arrested him after observing him toss the firearm into the alleyway. When asked by officers whether he had a FOID card or a concealed carry permit, he said he did not, and at the time of the offense, Mr. Frazier was under 21 years of age.

¶ 5     On September 7, 2023, Mr. Frazier was charged with aggravated unlawful use of a weapon without a FOID card. At his first appearance, the trial court held Mr. Frazier on a D-bond. Mr. Frazier subsequently filed a petition to remove the financial condition, and the State filed a motion for pretrial detention. On October 12, 2023, the trial court held a hearing on the petitions. After the hearing, the court granted the State's petition and detained Mr. Frazier. On October 20, 2023, Mr. Frazier filed his notice of appeal.

¶ 6 In his appeal, Mr. Frazier argued that the aggravated unlawful use of a weapon statute was unconstitutional as applied to him, because he was denied the ability to own a firearm solely due to the fact that he was under 21 years of age. On January 10, 2024, during the pendency of these appellate proceedings, Mr. Frazier pleaded guilty to aggravated unlawful use of a weapon without a FOID card and was sentenced to 1 years' imprisonment. On January 16, 2024, Mr. Frazier filed a motion asking this court to decide the appeal on the merits under the public interest exception to the mootness doctrine. On that same date, the State filed a motion for extension of time to file its appellee's memorandum as well as a joint response to Mr. Frazier's motion and his memorandum.

¶ 7 ANALYSIS

¶ 8 We note that we have jurisdiction to consider this matter, as Mr. Frazier filed a timely notice of appeal. See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023).

¶ 9 Mr. Frazier argues that the aggravated unlawful use of a weapon without a FOID card statute is unconstitutional as applied to him, since he was under 21 years of age and unable to obtain a FOID card. While Mr. Frazier acknowledges the claim is moot, he still asks us to review the appeal on the merits under the public interest exception to the mootness doctrine.

¶ 10 "As a general rule, courts of review in Illinois do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Barbara H.*, 183 Ill. 2d 482, 491 (1998). When "a decision on the merits cannot result in appropriate relief to the prevailing party, such a decision is essentially an advisory opinion. *Barbara H.*, 183 Ill. 2d at 490. "The public interest exception to the mootness doctrine permits review of an otherwise moot question when the magnitude or immediacy of the interests involved warrants action by the court." *Commonwealth Edison Co., v. Ill. Commerce Comm'm,*

2016 IL 118129, ¶ 12. "[T]his exception, which is narrowly construed, requires a clear showing of each of the following criteria: (1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur." *In re Shelby R.*, 2013 IL 114994, ¶ 16.

¶ 11    "An as-applied challenge requires a showing that the statute violates the constitution as it applies to the facts and circumstances of the challenging party." *People v. Thompson*, 2015 IL 118151, ¶ 36. "The facts that surround a defendant's particular circumstances are relevant to an as-applied challenge." *People v. Martin*, 2018 IL App (1st) 152249, ¶ 11.

¶ 12    As stated, for a court of review to find the public interest exception to the mootness doctrine applies, all three criteria must apply. *Shelby R.*, 2013 IL 114994, ¶ 16. The primary contention of the parties is whether an authoritative determination of the question is needed in light of the Supreme Court's decision in *New York State Rifle and Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022).

¶ 13    In *Bruen*, 597 U.S. at 12, the supreme court reviewed New York's firearm licensing statute which required firearm applicants to show a special need for self-protection distinct from the rest of the community. The Court analyzed whether this restriction was within the historical bounds of the right to bear arms and ultimately found this restriction had no basis within the historical tradition of the Second Amendment of the United States Constitution. *Bruen*, 597 U.S. at 60-70. The Court struck down New York's licensing statue, finding that it unlawfully restricted firearm ownership for self-defense of law-abiding citizens. *Bruen*, 597 U.S. at 71.

¶ 14    However, since *Bruen*, 597 U.S. 1, was filed, this court has issued many decisions in light of that Supreme Court case. See *In re C.P.*, 2023 IL App (1st) 231003-U, ¶ 16 (finding that, in

light of *Bruen*, there is a historical tradition of barring individuals under the age of 21 from possessing firearms); see also *In re D.B.*, 2023 IL App (1st) 231146-U, ¶¶ 34-36 (finding that our supreme court has found that this country's historical tradition supports Illinois' bar of firearm possession for individuals under the age of 21, in line with the analysis detailed in *Bruen*); see also *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37 (finding that *Bruen* did not invalidate Illinois' laws barring the possession of a firearm by a felon). Mr. Frazier's as-applied challenge does not present a novel consideration which requires further authoritative determination from this court. Moreover, while Mr. Frazier seeks to narrowly tailor the issue to adults under the age of 21, he also has a juvenile felony adjudication for armed robbery, which would also make him ineligible for a FOID card. *People v. Baker*, 2023 IL App (1st) 220328, ¶ 37. As Mr. Frazier cannot meet one prong of the public interest exception, we need not review the others. Accordingly, Mr. Frazier's argument does not fall under the public interest exception, and his appeal is moot. Therefore, the appeal is dismissed as moot.

¶ 15                                    CONCLUSION

¶ 16    For the foregoing reasons, we dismiss this appeal as moot.

¶ 17    Appeal dismissed.